**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**STACIE LAVIANO, as Personal
Representative of the Estate of Trey
Allyn Cornwell, and on behalf of the
estate and survivors,**
     **Plaintiff,**
**v.**                                 **Case No.:  3:26CV03970-TKW-ZCB**

**CENTURION OF FLORIDA, LLC., et al.**

     **Defendants.**
_____/

## CONSENT MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO COMPLAINT

COMES NOW, the Defendants, **VALERIE BOATWRIGHT**, **HAILEY LYNN-MARIE MONROE**, and **TIMOTHY TRAINER,** by and through the undersigned counsel and with the consent of Plaintiff and/or Plaintiff's Counsel, and pursuant to 6(b)(1)(B), Fed. R. Civ. P., do hereby move this Honorable Court for a thirty-day extension of time to respond to Plaintiff's Complaint filed on May 29, 2026. In support thereof, Defendant states the following:

## MEMORANDUM

1. A summons for Defendants Valerie Boatwright, Timothy Trainer, and Hailey Lynn-Marie Monroe was issued by this Court on June 1, 2026. Doc. 3.

2. Defendant Monroe was served on June 4, 2026, causing Defendant's Answer to be due to this Court on June 25, 2026. Doc. 13.

3. Defendants Boatwright and Trainer were served on June 11, 2026 causing their responses to be due on July 2, 2026. Docs. 14, 16.

4. Following service, Defendants forwarded the documents to the appropriate departments to procure representation through Risk Management under the Department of Financial Services.

5. Due to a miscommunication and delay in processing between the various departments, Defendants were not assigned counsel prior to their response deadlines.

6. As a result, the undersigned was recently assigned this matter and immediately began drafting her appearance, this Motion and Defendants' response.

7. Fed. R. Civ. P. 6(b)(1)(B) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."

8. The delay in responding to Plaintiff's Complaint was not deliberate. Such delay was due to agency procedural delays, inadvertence, and at most, excusable neglect. See E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896

F.2d 524, 528 (11th Cir. 1990); see also, Forster v. Narain, 2020 WL 13536174, at *2 (S.D. Fla. July 7, 2020).

9. Defendants have been diligent in their efforts to procure counsel, and the undersigned has is actively preparing a responsive pleading to present a meritorious defense to the grounds raised in the Complaint which will allow this case to be evaluated on its merits.

10. Defendant is requesting a thirty-day (30) extension from the date of this motion to allow the undersigned to investigate the claims raised against them, gather necessary documents, and prepare an adequate response.

11. Plaintiff has not and will not be prejudiced by allowing Defendant to answer or otherwise respond to the Complaint as Plaintiff's Counsel has consented to this Motion.

## **REQUEST FOR RELIEF**

**WHEREFORE,** Defendants Boatwright, Monroe and Trainer move this court for a thirty-day (30) extension of time to respond to Plaintiff's Complaint and any other relief as this Court deems fit and proper.

Respectfully submitted,

**JAMES UTHMEIER**
ATTORNEY GENERAL

/s/ Clarissa Jimenez, Esq.

**Clarissa V. Jimenez, Esq.**
Senior Assistant Attorney General
Florida Bar No.:  1040920
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Florida 32399
Telephone: (850) 414-3709
Facsimile: (850) 488-4872
clarissa.jimenez@myfloridalegal.com
Dennisha.Jackson@myfloridalegal.com
Spencer.Gordon@myfloridalegal.com
*Counsel for Defendants Monroe,*
*Trainer & Boatwright*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Motion for Extension* was electronically filed with the Clerk of Court and served on all Counsel of records using CM/ECF on July 16th, 2026.

/s/ Clarissa Jimenez, Esq.
Clarissa Jimenez, Esq.