UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| Stacie Laviano,<br><br>Plaintiff,<br><br>v.<br><br>Centurion of Florida, et al,<br><br>Defendant. | Case No. 3:26-cv-03970 |

**REPORT OF THE PARTIES' PLANNING MEETING**
**AND PROPOSED DISCOVERY PLAN**

In accordance with Rule 26(f) and Local Rule 16.1, the parties respectfully submit this joint Rule 26(f) report.

**1. The Meeting.** Plaintiff circulated a draft of this report on September 11, 2026. Counsel for the parties conferred on September 14 and 18. The following persons participated in the Rule 26(f) conference:

- Sam Harton and James M. Slater, counsel for Plaintiff; and
- Rachel Eilers, counsel for Defendants Centurion of Florida, LLC, Rebecca Price, LPN, Sheila Melvin, APRN, Daniel Winfree, RN, Jeremy Shiver, PsyD, Deone Johnson, LPN, Kristina Tichenor, RN, BH, and Steve Jones, LPN.

- Clarissa Jimenez, counsel for Defendants Valerie Boatwright, Hailey Lynn-Marie Monroe, and Timothy Trainer.

**2. Nature and Basis of Claims and Defenses**.

(a) Plaintiff alleges that Defendants were deliberately indifferent to Michelle[1] Cornwell's rights under the Eighth Amendment to the United States Constitution, through their deliberate indifference towards their history of self-mutilation and substantial risk of suicide. Plaintiff also alleges a *Monell* claim against Centurion of Florida, LLC, who was the medical contractor for the correctional facility that housed Mx. Cornwell.

(b) Defendants deny Plaintiff's claims.

**3. Possibility of Settlement.** The parties will discuss the possibility of settlement as the case proceeds.

**4. Magistrate Judge.** The parties have conferred on whether they consent to have a magistrate judge preside over the entire case, and they do not consent at this time.

**5. Discovery Plan**. The parties would respectfully propose the following discovery plan pursuant to Rule 26(f)(3):

[1] Michelle was a transgender inmate whose legal name was Trey Allyn, but she preferred the name Michelle and the honorific 'Mx.'

(a) Disclosures. The parties will exchange initial disclosures **no later than October 16, 2026**.

(b) Discovery Subject and Timing. Discovery will be needed of the facts that relate to Plaintiff's claims and Defendants' affirmative defenses. There is no need to conduct discovery in phases or limit discovery to particular issues. This case requires an extended discovery schedule due to the complex nature of the claims and number of defendants. Plaintiff has sued multiple employees of the Florida Department of Corrections and Centurion of Florida, LLC. Plaintiff has not received discovery and, given that records related to the events preceding Mx. Cornwell's death are primarily in the custody and control of defendants, Plaintiff may need to amend her complaint to add parties and/or allegations once she receives discovery. Plaintiff also expects there to be extensive documentation produced in discovery covering a period of over one year. These documents are expected to include medical records, mental health and crisis records, incident reports, investigative documents, video footage, policies, procedures, post orders, and photographic evidence. Plaintiff has also brought a *Monell* claim against a corporate defendant that will require extensive discovery on their practices, policies, and customs. To avoid undue delay, Plaintiff has already issued requests for production and a subpoena *duces tecum* to Centurion and the Florida Department of Corrections.

(c) Electronic Discovery. The parties agree to serve discovery requests and responses electronically. To the extent electronic records be produced, in addition to any other format, the parties will make reasonable efforts to cooperate in producing the documents in native format. Production and disclosure will be limited to data and metadata reasonably available to the parties in the ordinary course of business.

(d) Claims of Privilege/Protection. The parties agree that if privileged data or documents are inadvertently produced, they will be returned and copies will be destroyed, or treated as otherwise permitted by the Rules. The parties will address issues of privilege with respect to discovery if and when such issues arise.

(e) Limitations on Discovery. The number of interrogatories, requests for admissions, depositions, and requests for production should be governed by the applicable Federal Rules of Civil Procedure and the Local Rules of this Court.

(f) Consent to Electronic Service. The parties consent to service of all documents via electronic means with time to be calculated as if service had been via hand-delivery on the same date with no days added provided that service is made to the email addresses of record on the ECF at the time of service, or as otherwise designated by either side in writing during the course of the proceedings.

**6. Proposed Deadlines.** For the reasons set forth in section 5(b) above, parties propose the following deadlines, which significantly deviate from the Court's Initial Scheduling Order based on the nature of the dispute, its complexity, and the number of parties involved:

| | |
|---|---|
| Rule 26(a)(1) initial disclosures | October 16, 2026 |
| Joinder of parties and amendments to pleadings | January 15, 2027 |
| Expert disclosures | June 18, 2027 |
| Rebuttal expert disclosures (if any) | July 23, 2027 |
| Close of discovery | October 1, 2027 |
| Summary judgment and dispositive motions | October 22, 2027 |

**7. Trial Readiness.** The parties believe that this matter will be ready for trial in February 2028.

**8. Other matters.**

(a) The parties would ask that the Court enter, when appropriate, an order for pretrial conference setting forth the deadlines for filing pretrial matters. The parties would respectfully ask that the Court provide one week for the opposing party to identify objections to any witnesses or exhibits under Rule 26(a)(3).

(b) The parties do not request a conference with the Court before entry of the scheduling order.

Dated: September 18, 2026.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, GA 30345
(404) 458-7283
james@slater.legal

*/s/ Sam Harton*
ROMANUCCI & BLANDIN, LLC
Sam Harton*
321 N. Clark St. STE 900 Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
sharton@rblaw.net
*Pro hac vice
*Attorneys for Plaintiff*

*/s/ Clarissa Jimenez*
Clarissa Jimenez (FBN: 1040920)
Senior Assistant Attorney General
Florida Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
Ph. (850) 414-3300
Fax: (850) 488-4872
Clarissa.Jimenez@myfloridalegal.com
Dennisha.Jackson@myfloridalegal.com
*Attorney for Defendants Boatwright, Monroe, and Trainer*

*/s/ Rachel E. Eilers*
Ethen R. Shapiro (FBN 669881)
Rachel E. Eilers (FBN 1019587)
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
(813)221-3900
(813)221-2900 – facsimile
Ethen.Shapiro@hwhlaw.com
Rachel.Eilers@hwhlaw.com
*Attorneys for Defendants Centurion of Florida, LLC, Rebecca Price, LPN, Sheila Melvin, APRN, Daniel Winfree, RN, Jeremy Shiver, PsyD, Deone Johnson, LPN, Kristina Tichenor, RN, BH, and Steve Jones, LPN.*