**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| **Stacie Laviano,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**Centurion of Florida, LLC, *et al.*,**<br><br>**Defendants.** | **3:26-cv-3970-TKW/ZCB** |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF HIPAA-QUALIFIED PROTECTIVE ORDER AND CONFIDENTIALITY ORDER**

Plaintiff Stacie Laviano, as Personal Representative of the Estate of Trey Allyn Cornwell, by and through her undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure 26(c) for entry of the proposed HIPAA-Qualified Protective Order (Exhibit 1) and the proposed Confidentiality Order (Exhibit 2). Defendants do not oppose this motion. In support, Plaintiff states as follows:

## BACKGROUND

This is a civil rights action under 42 U.S.C. § 1983 arising from the death of Trey Allen Cornwell while in the custody of the Florida Department of Corrections ("FDC") at Santa Rosa Correctional

Institution. ECF 1. Discovery will include medical and mental-health records concerning Mx. Cornwell, and potentially other individuals, maintained by FDC, Defendant Centurion of Florida, LLC, and other providers. Those records contain "protected health information" governed by the Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations, 45 C.F.R. Parts 160 and 164. Plaintiff has proposed a HIPAA Qualified Protective Order ("HIPAA QPO"). Exhibit 1, HIPAA QPO.

Discovery is also expected to include FDC records that FDC considers confidential or exempt from public disclosure under Florida law, including sections 119.071 and 945.10, Florida Statutes, such as video and photographs taken within FDC institutions, post orders, duty rosters, floor plans and housing logs, control room logs, restricted training materials and policies, and personnel files. The parties and non-party FDC also negotiated the proposed Confidentiality Order to govern the handling of those materials. Exhibit 2, Confidentiality Order.

Plaintiff has conferred with counsel for Defendants, and they **do not object** to the entry of the HIPAA QPO or the Confidentiality Order.

## DISCUSSION

Under 45 C.F.R. § 164.512(e)(1)(ii)(B) and (e)(1)(v), a covered entity may disclose protected health information in a judicial proceeding pursuant to a qualified protective order that prohibits use of the information outside the litigation and requires its return or destruction at the conclusion of the case. The proposed HIPAA-Qualified Protective Order contains those provisions. It limits use of protected health information to this litigation, requires return or destruction within 60 days after the proceedings conclude, designates non-party protected health information "Attorneys' Eyes Only," and does not authorize sealing of any filing absent a separate motion under Local Rule 26.2.

The proposed Confidentiality Order restricts FDC's confidential materials to qualified persons for use in this litigation only, provides a procedure for challenging designations, and preserves each party's rights and objections. It expressly provides that the confidential designation is the product of agreement and is not a judicial ruling on whether the materials are protected by state or federal law.

Good cause exists under Rule 26(c) to enter both orders. They will allow the parties and non-parties to produce sensitive medical, security,

and personnel information promptly and without serial discovery disputes over confidentiality, while protecting the privacy of Mx. Cornwell and non-party inmates and FDC's institutional security interests. Neither order permits any document to be filed under seal without leave of Court.

* * *

WHEREFORE, Plaintiff Stacie Laviano respectfully requests that the Court: (1) enter the proposed HIPAA-Qualified Protective Order attached as Exhibit 1; and (2) enter the proposed Confidentiality Order attached as Exhibit 2.

## LOCAL RULE 7.1(B) CERTIFICATION

Undersigned counsel certifies that Plaintiff conferred with counsel via email for Defendants (and non-party FDC) regarding the relief requested in this motion, and Defendants do not oppose entry of the proposed orders.

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel certifies that this motion contains 586 words, excluding the parts exempted by the Local Rules.

Dated: October 16, 2026.

Respectfully submitted,

/s/ Sam Harton

James M. Slater, FBN 111779
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel.: (404) 458-7283
james@slater.legal

Sam Harton
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
Tel: (312) 253-8618
Fax: (312) 458-1004
sharton@rblaw.net

*Attorneys for Plaintiff Stacie Laviano*